UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| MARY MONTGOMERY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 3:09-cv-00545 |
| | ) |
| AMERICAN FAMILY | ) |
| INSURANCE COMPANY, | ) |
| | ) |
| Defendant. | ) |

## OPINION and ORDER

This matter is before the Court on the Motion to Separate Trials and to Stay Discovery [DE 15] filed by the defendant, American Family Mutual Insurance Company. For the following reasons, the motion is **DENIED WITHOUT PREJUDICE.**

## BACKGROUND

Plaintiff, Mary Montgomery, was hit from behind by a car driven by Becky James while Montgomery was stopped at a stop sign. Montgomery sustained injuries as result of this accident. With the permission of American Family Insurance, Montgomery entered into a settlement agreement with James. Montgomery received compensation in the amount of $50,000 – the policy limits – from James's insurer in exchange for settling her claims against James. [DE 16, at 2.]

Montgomery then brought this action against American Family Insurance after it denied her claim that she submitted under the underinsured motorist coverage of her policy written by American Family. Montgomery alleges that her damages exceed the $50,000 policy limits

1

which she received from James's insurer and thus she seeks to be made whole by American Family. [DE 16, at 3.] American Family disputes the value of Montgomery's damages; it believes that her damages were less than $50,000 and thus that she has already been made whole by virtue of her settlement with James's insurer.

Montgomery filed her complaint for breach of contract, negligence, and bad faith against American Family on October 14, 2009. Montgomery alleges American Family's refusal to pay for her alleged damages constitutes a violation of the terms and conditions of the policy. Additionally, Montgomery claims American Family was negligent and breached its duty of good faith and fair dealing in discharging its contractual obligations. Montgomery seeks punitive damages for American Family's alleged acts of bad faith.

American Family seeks to bifurcate Montgomery's contract claim from her negligence and bad faith claims and she also wants discovery to be stayed on the latter two claims. [DE 16]. American Family argues that the bad faith claim will require Montgomery to offer evidence which is not relevant to her contract claim and that allowing a jury to hear evidence regarding the bad faith claim at the same time is prejudicial. [DE 16]. As for the request to stay discovery, American Family says that discovery could reveal trial tactics and investigative strategies aimed at keeping Montgomery's verdict below $50,000. [DE 16, at 12-13.]

## DISCUSSION

Federal Rule of Civil Procedure 42(b) states:

> The court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim, cross-claim, counterclaim, or third-party claim, or of any separate issue or of any number of claims, cross-claims, counterclaims, third-party claims, or issues, always preserving the right

> of trial by jury as declared by the Seventh Amendment to the Constitution or as given by a statute of the United States.

The appropriateness of bifurcating under Rule 42(b) is entirely within the trial court's discretion. *Houseman v. U.S. Aviation Underwriters,* 171 F.3d 1117, 1121 (7th Cir. 1999). Like all rules of civil procedure, this rule is applied in conjunction with Federal Rule of Civil Procedure 1, which instructs that the rules "shall be construed and administered to secure the just, speedy, and inexpensive determination of every action." *Real v. Bunn-O-Matic Corp.*, 195 F.R.D. 618, 620 (N.D. Ill. 2000). It first must be determined whether separate trials either would avoid prejudice to a party or promote judicial economy and then whether bifurcation would unfairly prejudice a party. *Houseman,* 171 F.3d at 1121.

The party seeking bifurcation has the burden of demonstrating that judicial economy would be served and that no party would be prejudiced by separate trials based on the case's circumstances. *See Balzar v. American Family Ins. Co.*, No. 2:08-cv-241, 2009 WL 1543524, at *2 (N.D. Ind. June 2, 2009); *BASF Catalysts LLC v. Aristo, Inc.*, No. 2:07-cv-222, 2009 WL 523123, at *2 (N.D. Ind. Mar. 2, 2009). A court's order granting bifurcation may be overturned only on a clear showing of abuse of discretion. *Houseman*, 171 F.3d at 1121.

As the moving party, American Family had the burden to persuade me that bifurcation is appropriate. American Family claims that the jury may overlook the contractual issues and form a bias against it upon hearing the evidence of bad faith. [DE 16, at 11-12.] It also claims it will be prejudiced because it would have to simultaneously demonstrate that Montgomery's injuries do not exceed $50,000, and that American Family did not undervalue her injuries. [DE 16, at 11]. But American Family's naked assertion that it "might" be prejudiced by certain testimony

3

and defense tactics is an inadequate basis for bifurcation. *See Williamson v. Progressive Northern Ins. Co.*, No. 1:07-cv-263, 2007 WL 2176561, at *2 (S.D. Ind. July 26, 2007) (holding that mere speculation "is an inadequate basis upon which the Court should grant a separate trial"); *State Farm Mut. Auto. Ins. Co. v. Guiterrez*, 866 N.E.2d 747, 750 (Ind. 2007) (citing *Elkhart Community School v. Yoder*, 696 N.E.2d 409, 414 (Ind. App. 1988) (holding that "a separate trial should not be granted solely upon the moving party's speculation that it might be prejudice")).

Further, bifurcation would not promote judicial economy here because these claims are often tried together. The Seventh Circuit has held that in disputes concerning insurance coverage and bad faith claims, the issues often overlap and are inextricably intertwined. *McLaughlin v. State Farm Mut. Auto. Ins. Co*., 30 F.3d 861, 871 (7th Cir. 1994) (holding that "there certainly is overlap between the evidence that relates to the compensatory claim and the punitive claim"); *see Williamson*, 2007 WL 2176561 at *1 (holding that "the coverage and bad faith issues often overlap and are inextricably intertwined"); *Trinity Homes, LLC v. Regent Ins. Co.*, No. 1:04cv1920JDTWTL, 2006 WL 753125 at *2 (S. D. Ind. Mar. 20, 2006) (holding that "the overlap of evidence between the coverage issues and bad faith issues often is substantial"). And so the normal procedure is to try compensatory and punitive damage claims together with appropriate instructions to the jury. *McLaughlin*, 30 F.3d at 871. Under this approach, a jury may be instructed as to the differing burdens of proof, and both parties may tender instructions explaining the different burdens. American Family does not explain why such instructions would be insufficient here.

4

American family is making the same general argument that it recently raised (unsuccessfully) in a similar case in this district. *Balzar v. American Family Ins. Co.*, No 2:08cv241, 2009 WL 1543524 (N.D. Ind. June 2, 2009). In that case the plaintiff, Balzar, sued American Family Insurance, claiming that his injuries exceeded the limit of the negligent driver's coverage. *Id.* at *1. American Family contested the value of Balzar's injuries and concluded that his injuries did not exceed the coverage limits. *Id.* Balzar's claims were based on breach of contract, negligence, and bad faith. *Id.* American Family attempted to bifurcate the trial and stay discovery there as well, and the court denied the motion. *Id.* The court reasoned that the evidence between the two claims would substantially overlap and that American Family only speculated as to bias and did not show actual bias. *Id.* at *2-3.

American Family offers two justifications for distinguishing *Balzar*, but neither justifies bifurcation. First, American Family asserts that in *Balzar* it had already completed its investigation and concluded the plaintiff was fairly compensated, whereas here it has not had the opportunity to complete its review. [DE 20, at 8.] This distinction shows that American Family is at a different point in evaluating Montgomery's claim, but American Family doesn't explain why this timing difference favors bifurcation from the bad faith claim. Second, it asserts that Montgomery's attorney will need to testify to support Montgomery's bad faith claim. [*Id.* at 9.] But that is a matter that can readily be dealt with at the trial itself. And American Family doesn't explain how this would be prejudicial. At bottom, separate trials for each claim would not be conducive to expedition and economy, and American Family's risk of prejudice is purely speculative at this point.

American Family's motion also seeks to stay discovery on the negligence and bad faith

5

claims.  However, because I am denying the motion to bifurcate, staying discovery is unnecessary.  After the parties complete discovery and have proceeded closer to trial, it may be more appropriate to consider bifurcation.  American Family may raise the issue again at that time.

For the foregoing reasons, American Family's Motion to Separate Trials and to Stay Discovery [DE 15] is **DENIED WITHOUT PREJUDICE.**

**SO ORDERED.**

ENTERED: May 11, 2010

s/ Philip P. Simon  
PHILIP P. SIMON, CHIEF JUDGE  
UNITED STATES DISTRICT COURT